UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ANTHONY MORGAN,

                        Plaintiff,

          -against-                                          23-cv-0697 (LAK)

UNITED FEDERATION OF TEACHERS, et al.,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff objects to the report and recommendation of Magistrate Judge Stewart D. Aaron, dated June 7, 2023, which recommended that defendants' motions to dismiss be granted (the "R&R"). The objections for the most part are entirely without merit and in no instance provide a basis for rejecting the recommendation. I write briefly to address only plaintiff's first point, which contends that (1) the magistrate judge's reliance on authoritative Second Circuit authority in concluding that the acts that allegedly deprived him of procedural due process "must be questioned based on each decision's reliance on *Parratt v. Taylor,* 451 U.S. 527 (1981) which was overruled by *Daniels v. Williams,* 474 U.S. 327 (1986)", and (2) the R&R "ignores the DOE's false statement at an evidentiary hearing that an investigation that had already been concluded was still pending." Dkt. 51, at 1.

        First, the Second Circuit cases upon which the R&R relied with respect to the significance for procedural due process purposes of the distinction between random and unauthorized acts, on the one hand, and the employment of established state procedures, on the other, remain entirely authoritative. While they do indeed rest on *Parratt, Parratt* was overruled by *Daniels only* "to the extent that it states that mere lack of due care by a state official may 'deprive' an individual of life, liberty, or property under the Fourteenth Amendment." *Daniels,* 474 U.S. at 330-31. Plaintiff's extravagant claim that *Daniels* entirely overruled *Parratt* is frivolous.

        Second, the R&R certainly did not ignore the allegation that someone on behalf of the Department of Education made an inaccurate statement at an evidentiary hearing concerning the status of an investigation of accusations made against plaintiff. Rather, it concluded that any such statement, stripped of plaintiff's conclusory characterizations, was a random and unauthorized act

2

and that an Article 78 proceeding would have afforded plaintiff with a fully adequate remedy for any constitutional violation.  Having reviewed the complaint, I agree.  It contains nothing to support any inference that any such inaccurate statement was not a random and unauthorized act.

Accordingly, the defendants' motions to dismiss the complaint [Dkts. 33 and 39] are granted and the case dismissed.  The dismissal is on the merits and with prejudice as to the federal claims for relief.  It is without prejudice as to the state law claims and is on the ground that the Court declines to exercise jurisdiction over them.  The Clerk shall close the case.

SO ORDERED.

Dated: June 28, 2023

/s/ Lewis A. Kaplan
_____
Lewis A. Kaplan
United States District Judge